**UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO**

| | |
|---|---|
| IN RE:<br><br>HMH CONSTRUCTION, LLC,<br><br>    Debtor. | Case No. 23-00191-NGH |
| TIMOTHY R. KURTZ,<br><br>    Plaintiff,<br><br>v.<br><br>BMT CAPITAL GROUP, INC.,<br><br>    Defendant. | Adv. No. 25-06035-NGH |

**MEMORANDUM OF DECISION**

On April 18, 2025, the chapter 7 trustee, Timothy R. Kurtz ("Trustee") filed a complaint (the "Complaint") against BMT Capital Group, Inc., ("BMT").  Doc. No. 1. On February 2, 2026, BMT filed a motion for partial summary judgment (the "Motion"). Doc. No. 21.  Trustee filed a response in opposition to the Motion.  Doc. No. 25.  The Court heard oral arguments on March 9, 2026, and took the matter under advisement. Central to the dispute between the parties is whether certain prepetition financial transactions should be classified as loans or as true sales of receivables.  For the reasons discussed below, the Court will grant the Motion in-part and deny it in-part.  After

MEMORANDUM OF DECISION - 1

considering the record, arguments, and applicable law, the following constitutes the

Court's findings, conclusions, and disposition of the issues. Fed. R. Bankr. P. 7052.[1]

**FACTS**[2]

Between 2021 and 2022, HMH Construction, LLC ("Debtor") and BMT entered

into four separate merchant cash advance agreements (the "Agreements"). The

Agreements are governed by New York law. Trustee attached the Agreements to the

Complaint as Exhibits 1 through 4, and the Complaint incorporates the Agreements by

reference. Doc. No. 1 ¶¶ 22, 24. The Agreements are substantially similar in form.

Under the Agreements, Debtor was provided with immediate cash, and in exchange,

BMT purportedly purchased a percentage of Debtor's future receipts and proceeds

thereof "until the Purchased Amount shall have been delivered by Seller [Debtor] to

Buyer [BMT]." The Agreements provide BMT would withdraw from Debtor's accounts

daily "installments," the amount of which represented a "good faith approximation" of a

specified percentage of Debtor's receipts based on Debtor's "most recent accounts

receivables and/or revenue."

In support of his opposition to the Motion, Trustee submitted a declaration of

counsel with three attached exhibits: an excerpt of BMT's responses to Trustee's

---

[1] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. Additionally, all citations to "Rule" are to the Federal Rules of Bankruptcy Procedure and all citations to "Civil Rule" are to the Federal Rules of Civil Procedure.

[2] These facts are taken from the statement of disputed/undisputed facts BMT filed with the motion for summary judgment and the statement of disputed/undisputed facts Trustee filed with the response. Doc. Nos. 23, 26. The parties do not dispute the contents of the purchase and sale agreements at issue. However, the parties dispute one another's characterizations and legal significance of certain provision contained therein.

MEMORANDUM OF DECISION - 2

requests for interrogatories, a proof of claim filed by creditor Commercial Credit Group Inc. ("CCG"), and a text exchange between representatives of Debtor and BMT.  Doc. No. 27, Ex. 1-3.

**ANALYSIS**

### A. Summary Judgment Standard

Civil Rule 56(a), made applicable by Rule 7056, provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  When deciding whether material factual issues exist, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).  An issue of fact is "genuine" if there exists sufficient evidence for a reasonable finder of fact to find in favor of the non-moving party, and a fact is "material" if it might affect the outcome of the case.  *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986)).  If a moving party properly supports a motion for summary judgment and the nonmovant does not set forth specific facts showing a genuine issue for trial, summary judgment must be entered.  Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056.

### B. Claims for Relief

#### 1. Claim 1 – Declaratory Relief

Claim 1 of the Complaint seeks declaratory relief that the Agreements are void ab initio under New York's usury statute.  BMT asserts summary judgment is appropriate

MEMORANDUM OF DECISION - 3

because, as a matter of law, Trustee is barred from asserting affirmative claims for relief under the usury statute.  The Court agrees.  New York's usury statute provides that if the interest rate "exceeds the criminal usury rate of 25% per annum, 'a corporation may interpose an affirmative defense of usury and, if successful, obtain a declaration that invalidates the debt instrument ab initio.'" *Streamlined Consultants, Inc. v. EBF Holdings LLC*, 2022 WL 4368114, at *3 (S.D.N.Y. Sept. 20, 2022) (citing *Haymount Urgent Care PC v. GoFund Advance, LLC*, 609 F. Supp. 3d 237, 254 (S.D.N.Y. 2022)).  However, as this Court has held, relief under this statute is limited to an affirmative defense.  *See Kurtz v. Kalamata Capital Grp., LLC (In re HMH Constr., LLC)*, 2026 WL 171515, at *6 (Bankr. D. Idaho Jan. 21, 2026).  The statute may not be used in affirmative claims or counterclaims.  *See Streamlined Consultants, Inc.*, 2022 WL 4368114, at *3.

Because Trustee cannot use the usury statute affirmatively as a means to effect recovery or void the Agreements, the Court will grant partial summary judgment in favor of BMT and dismiss Claim 1.

## 2.  Claims 2 & 3 – Avoidance of Fraudulent Transfers

Claims 2 and 3 seek to avoid certain transfers from Debtor to BMT under §§ 544 and 548.  BMT moves for summary judgment on both claims, arguing they fail because they depend on characterizing the Agreements as usurious loans under New York law. The parties dispute the legal standard for determining whether a transaction constitutes a true sale or a loan.  BMT contends that courts must apply the three-factor analysis from *LG Funding, LLC v. United Senior Props. of Olathe, LLC*, 122 N.Y.S.3d 309, 312 (N.Y.

MEMORANDUM OF DECISION - 4

App. Div. 2020).[3]  Trustee disagrees and argues that New York courts look beyond those three factors.  Trustee urges the Court to apply a totality of the circumstances analysis, as articulated in *Cap Call, LLC v. Foster (In re Shoot the Moon, LLC)*, 635 B.R. 797, 817 (Bankr. D. Mont. 2021).[4]

A moving party without the ultimate burden of persuasion at trial, such as BMT, has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Id*.  By limiting its analysis to the three *LG Funding* factors, BMT has failed to satisfy its burden here.[5]

---

[3] Those factors are (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy.

[4] That court identified the following eight factors:  (1) whether the buyer has a right of recourse against the seller; (2) whether the seller continues to service the accounts and commingles receipts with its operating funds; (3) whether there was an independent investigation by the buyer of the account debtor; (4) whether the seller has a right to excess collections; (5) whether the seller retains an option to repurchase accounts; (6) whether the buyer can unilaterally alter the pricing terms; (7) whether the seller has the absolute power to alter or compromise the terms of the underlying asset; and (8) the language of the agreement and the conduct of the parties.

[5] On reply, BMT argues for the first time that under *Shoot the Moon*'s multi-factor analysis several of those factors weigh in favor of characterizing the Agreements as true sales.  It is well settled, however, "that new arguments cannot be raised for the first time on reply."  *In re Tindall*, 2022 WL 4389287, at *1 (Bankr. D. Nev. July 13, 2022) (citing *In re Parsons*, 2010 WL 2545950, at *1 (Bankr. D. Haw. June 23, 2010); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("on appeal, arguments not raised by a party in its opening brief are deemed waived"); *Brown v. Anderson (In re Anderson)*, 2019 WL 1440473, at *2 (Bankr. S.D. W. Va. Mar. 29, 2019)).

MEMORANDUM OF DECISION - 5

New York Courts look beyond the three *LG Funding* factors to determine whether a transaction constitutes a true sale or a loan. "When determining whether a transaction is a usurious loan it must be considered in its totality and judged by its real character, rather than by the name, color, or form which the parties have seen fit to give it." *Streamlined Consultants, Inc. v. EBF Holdings LLC*, 2022 WL 4368114, at *4 (S.D.N.Y. Sept. 20, 2022). The key consideration in assessing the true nature of a transaction is the transfer of risk, with the hallmark of a loan being that an alleged lender is "absolutely entitled to repayment under all circumstances." *Greenwich Retail Grp. LLC v. Moby Cap., LLC (In re Greenwich Retail Grp. LLC)*, 2026 WL 482170, at *15 (Bankr. S.D.N.Y. Feb. 20, 2026).

Notably, courts undertaking this analysis have recognized the *LG Funding* factors are "neither exclusive nor decisive." *Id*. at *18. Rather, the proper task is to consider all relevant circumstances in evaluating the transaction as a whole. *Id*. at *18-22 (collecting cases and identifying eight factors bearing on the true nature of a transaction). As with many multi-factor legal tests, no individual factor or combination of factors is determinative in a given case. *Shoot the Moon*, 635 B.R. at 813. Factor-driven analyses are more than just tallying supporting and opposing factors. *In re Stella*, 2006 WL 2433443, at *4 (Bankr. D. Idaho 2006) ("[S]uch lists are capable of being misconstrued as inviting arithmetic reasoning [but] are merely a framework for analysis and not a scorecard. In any given case, one factor may so outweigh the others as to be dispositive.") (quoting *Fjeldsted v. Lien (In re Fjeldsted)*, 293 B.R. 12, 24-25 (9th Cir. BAP 2003)).

MEMORANDUM OF DECISION - 6

By limiting its analysis to the three *LG Funding* factors, BMT has provided the Court with an incomplete framework for resolving this dispute.  Because additional relevant factors remain unaddressed, the Court cannot conclude that BMT is entitled to judgment as a matter of law.  Specifically, BMT has neither negated an essential element of Trustee's claims nor demonstrated that Trustee lacks sufficient evidence to carry his burden of persuasion at trial on the question of whether the Agreements constitute usurious loans.

**CONCLUSION**

For the reasons set forth above, the Court will grant BMT's partial motion for summary judgment with respect to Claim 1 and will deny it with respect to Claims 2 and 3.  Trustee shall submit an order consistent with this Decision.

DATED:  April 10, 2026



_____
NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

MEMORANDUM OF DECISION - 7